Benjamin Walley JACKSON, a/k/a Jack
Jackson, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

Nos. A–17238, A–17239.

Court of Criminal Appeals of Oklahoma.

March 15, 1972.

Don Anderson, Public Defender, Okla-
homa City, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defend-
ant in error.

BUSSEY, Presiding Judge:

Benjamin Walley Jackson, a/k/a Jack
Jackson, hereinafter referred to as defend-
ant, pleaded guilty in the District Court
of Oklahoma County, Oklahoma, to the
offenses of Defrauding an Innkeeper, CRF–
69–2428, and Forgery in the Second Degree,
CRF–69–2450, and received concurrent
three-year (3) sentences in each case. The
court suspended the sentences and placed
the defendant under the supervision of
the probation office. Applications to re-
voke the suspended sentences were filed on
July 27, 1971; the court ordered the sus-
pended sentences be revoked, and from
said orders, timely appeals have been per-
fected to this Court, and they have been
consolidated for the purpose of this Opin-
ion.

At the Revocation Hearing, the defend-
ant stipulated that he was one and the
same person that on March 25, 1971, en-
tered a plea of guilty in the Circuit Court
of Jackson County, Missouri, to the of-
fense of Forgery-Possession with Intent to
Utter. Defendant testified that he was told
by his Missouri Probation Officer, Mrs.
Paul Gunn, that if he pleaded guilty in
Missouri she would withdraw the warrant
for him which was based on parole viola-
tion. Glory Jackson, defendant's wife, tes-
tified that in November of 1970, she talked
to Mrs. Gunn, and was told that the State
of Oklahoma did not want the defendant
for parole violation. In December, 1970,
she was told by Mrs. Gunn that the de-
fendant's parole would be reinstated by
Oklahoma. An affidavit from James
Wyrsch was introduced which stated that
he represented the defendant in Kansas
City. At one point in the time during his
conversations with Mrs. Gunn, she was
inclined to recommend to the Oklahoma

authorities that the warrant be withdrawn and that the defendant be released at the end of the eight-month sentence. An affidavit of Paula Gunn was introduced, which stated:

"That at no time was an agreement made or statements made by me to Benjamin Wiley Jackson or to any other person to the affect [sic] that if Benjamin Wiley Jackson were to plead guilty to the charge of Forgery in the Third Degree in the Jackson County Circuit Court that this would affect any recommendations which would be made by me in my official capacity as Probation and Parole Officer to the District Court of Oklahoma [sic] regarding his probation;

"That no statements or advice were given by me to Benjamin Wiley Jackson or any other person regarding what plea, if any, he should enter to the charge of Forgery in the Third Degree in the Jackson County Circuit Court." ·

The affidavits were introduced by agreement of the parties.

We need only to observe that one of the court-imposed conditions of the defendant's suspended sentences was that he not violate any city, state or federal laws and that the defendant admittedly violated the terms thereof. The orders revoking the suspended sentences are accordingly affirmed.

BRETT and SIMMS, JJ., concur.